HENRY W. OAKES *vs.* CHARLES J. M. MERRIFIELD.

Androscoggin.    Opinion December 6, 1899.

*Intox. Liquors.    Bills and Notes.    Consideration.    R. S., c. 27, § 56.*

1. By R. S., c. 27, § 56, it is provided that, "no action shall be maintained upon any claim or demand, promissory note, or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the state with intention to sell the same or any part thereof in violation thereof; but this section shall not extend to negotiable paper in the hands of a holder for a valuable consideration and without notice of the illegality of the contract."

2. The law court sitting with jury powers, holds that evidence showing a hotel keeper, in this state, who purchased and received at one time intoxicating liquors to the amount of $537, warrants the conclusion, in the absence of any explanation, that the liquors were intended to be sold by him; and the court has no doubt that such was the fact in this case. Therefore, inasmuch as the purchaser had no lawful authority to sell, if he intended to sell them in this state, he intended to sell them unlawfully.

3. A purchaser gave a promissory note for a portion of the purchase price of such intoxicating liquors, which note came into the possession of a third party. *Held;* under the evidence, that this third party was not a holder for a "valuable consideration," it appearing that he paid nothing for the note, and that he agreed to make payment only in case he succeeded in collecting it. Such a consideration is not "valuable."

4. Where notes are given in renewal of the original invalid note and were afterwards indorsed to the plaintiff who is not a holder for value, *held;* that although there may have been a new and independent consideration for the renewal notes, yet the old consideration remains. The illegality is not purged.

5. The consideration of the notes in suit, in part at least, having been intoxicating liquors purchased with intent that they should be unlawfully sold in this state, and neither the plaintiff nor the person from whom he received the notes, being a holder for a valuable consideration, *held;* that the statute, (R. S., c. 27, § 56,) affords a perfect defense to an action thereon.

ON REPORT.

The facts are stated in the opinion.

*H. W. Oakes, J. A. Pulsifer and F. E. Ludden,* for plaintiff.

The plaintiff claims that the question of illegality must be held to have been disposed of when the defendant Merrifield settled the other suit and gave the new notes.

There was more involved in this settlement than the question of consideration for the original claim against Merrifield. Montgomery, in bringing his suit, claimed to be a holder for value without notice. A settlement was made by the defendant of this suit against him, in respect to which it is fair to assume that, notwithstanding his claim of a defense, he really believed that he had no defense.

This was sufficient consideration for the new notes. *Castner* v. *Slater,* 50 Maine, 212; Story on Promissory Notes, 6th ed., § 186, and cases cited; *Russell* v. *Cook,* 3 Hill, 504; Clark on Contracts, 176, and cases cited; *York* v. *Pearson,* 63 Maine, 587.

*W. H. Newell and W. B. Skelton,* for defendant.

In *Paton* v. *Coit,* 5 Mich. 503, in relation to claims of this kind, the learned judge, who drew the opinion says: "Courts should be careful to avoid doing anything to facilitate the indorsement of such contracts, unless it appear that the plaintiff is not in fault, and that he has real equities to be protected."

In *Kidder* v. *Black,* 45 N. H. 530, the court held that the surrender of the note, the consideration for which was the sale of a stock of goods, a part of which were intoxicating liquors, sold contrary to law, is not a good and valuable consideration for the issue of new notes, and they say: "It would seem somewhat strange if the surrender of such notes by one, in whose hands they were void, to the maker or another, in whose hands they would be equally invalid, could furnish a sufficient consideration for a note

by either of the latter to the former. . . . . The surrender of such notes to the maker would not be a sufficient consideration for a new note between the parties." The court in the same case further said: "The abandonment of legal proceedings commenced where there is palpably no cause of action, is not a good consideration for a promise. . . . . The surrender, forbearance or assignment of a claim, having no legal validity, is not a sufficient consideration for a promise." This is directly in point.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, JJ. FOGLER, J., having been of counsel, did not sit.

SAVAGE, J. The plaintiff, as indorsee, seeks to recover against the defendant upon two notes, one for $75 and one for $200, given by the defendant, payable to the order of J. H. Montgomery.

The case shows that on November 18, 1896, the defendant gave to the firm of C. Berry & Co., Boston, a note payable to his own order, for the sum of $437.20. In May, 1897, Berry & Co. indorsed and delivered the note to Mr. Montgomery, and he brought an action upon it, in his own name, by trustee process. October 23, 1897, the action was settled and the trustee released upon the defendant's giving to Mr. Montgomery $50 in money and the two notes in suit, which Mr. Montgomery indorsed upon the original note. The defendant, however, claims that the money and notes were given in full settlement and payment of the original cause of action.

It is admitted that the consideration of the first note was intoxicating liquors purchased in Boston, and the defense claims that those liquors were purchased out of the state with intention to sell the same inviolation of the laws of this state, and that the provisions of R. S., c. 27, § 56, afford a perfect defense. The section referred to provides that "no action shall be maintained upon any claim or demand, promissory note, or other security contracted or given for intoxicating liquors sold in violation of this chapter, or for any such liquors purchased out of the state with intention to sell the same or any part thereof in violation thereof; but this

section shall not extend to negotiable paper in the hands of a holder for a valuable consideration and without notice of the illegality of the contract."

The contention of the plaintiff is (1), that there is no evidence that the liquors were intended for unlawful sale in this state; (2), that Montgomery was a holder of the original note "for a valuable consideration and without notice of the illegality of the contract," and hence that notes given in settlement or renewal of it would be valid, *Field* v. *Tibbetts*, 57 Maine, 358; and (3) that, even if the statutory defense might have been made in an action upon the original note, it is not open upon the notes in suit, which plaintiff claims were given for new, independent and lawful considerations, namely, the discontinuance of the first suit and the releasing of the trustee.

In regard to the plaintiff's first contention, it is sufficient to say that we think that the only reasonable and legitimate inference to be drawn from the evidence is that the liquors were intended for unlawful sale in this state. The defendant was a hotel keeper. The value of the liquors purchased was $537, for which he gave his note for $437 and his check for $100. It does not appear that the defendant was authorized by law to sell liquors in this state, and it is hardly to be supposed that he would purchase liquors to such an amount for his personal use. We think that the facts above stated, in the absence of any explanation, warrant the conclusion that the liquors were intended to be unlawfully sold; and we have no doubt that such was the fact.

As to the plaintiff's second contention, that the prohibition of the statute excepts "negotiable paper in the hands of a holder for a valuable consideration and without notice of the illegality of the contract," it is enough to say that we think that Mr. Montgomery was not a holder of the original note "for a valuable consideration." He says that he bought it, but he does not say that he paid anything for it. Upon this question, the burden is upon the plaintiff. *Cottle* v. *Cleaves*, 70 Maine, 256. Giving full effect to Mr. Montgomery's testimony upon this point, it would seem that he was to make payment only if he succeeded in collecting. The consider-

ation, therefore, of the contract for the purchase of the note was was not "valuable." It follows that the statutory defense of illegality was available as against the original note in the hands of Mr. Montgomery.

Has the illegality been cured by giving the new notes in settlement of the old? We are of the opinion that it has not. The new notes are only the renewal of some part of the old one. *Miller* v. *Hilton*, 88 Maine, 429. The taint is not purged by renewal. It still remains true that the notes were given for intoxicating liquors. Or if, as claimed by the plaintiff, the discontinuance of the original action and the release of the trustee constituted a new consideration, and a legal one, for these notes, nevertheless, the old consideration remained also. That was a part of the consideration of these notes, and that has not ceased to be illegal. The question is not whether there was any legal consideration, but whether there was any illegal consideration. If any portion of the consideration for the note was illegal, the court cannot separate the legal from the illegal. *Hay* v. *Parker*, 55 Maine, 355. The whole transaction is void.

It is not claimed that the present plaintiff is a holder of the notes for a valuable consideration. He has no greater rights than Mr. Montgomery would have had if suit had been brought in his name.

*Judgment for the defendant.*